THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CATHERINE FOWLER TURNER,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. C24-5312-JCC<br><br>ORDER |

This matter comes before the Court on Defendants'[1] motion to dismiss (Dkt. No. 7) and Plaintiff's motion to amend the complaint (Dkt. No. 14). Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS Defendants' motion and DENIES Plaintiff's motion for the reasons explained herein.

In the initial complaint, Plaintiff asserted various claims against Wells Fargo, as a mortgage lender, and QLS, as Wells Fargo's deed of trust trustee. (*See generally* Dkt. No. 1.) This followed a 2023 default and 2024 foreclosure sale. (*See* Dkt. No. 8-1.)[2] While Plaintiff's

---

[1] Wells Fargo Bank, N.A. ("Wells Fargo") filed the motion and Quality Loan Servicing ("QLS") later joined. (*See* Dkt. Nos. 7, 10.)

[2] The Court takes judicial notice of a Notice of Trustee Sale, Notice of Default, and Trustee Deed Upon Sale, attached to Wells Fargo's request for judicial notice. (*See* Dkt. No. 8.) Each are publicly recorded documents, whose facts are not subject to reasonable dispute. *See* Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (court may take judicial notice of "matters of public record").

complaint is far from clear, it appears that Plaintiff is seeking money damages and injunctive relief for unlawful foreclosure activity. (*See generally* Dkt. No. 1.) Plaintiff asserts causes of action implicating equity principles, based on alleged violations of the Truth in Lending Act, Real Estate Settlement Procedures Act, Federal Debt Collection Practices Act ("FDCPA"), and the Uniform Commercial Code ("UCC"). (*Id.*) Defendants move to dismiss pursuant to Rule 12(b)(1) and (6), asserting Plaintiff lacks standing for some and that, regardless, none are adequately pleaded or are simply not colorable. (*See generally* Dkt. No. 7.) In response, Plaintiff moves for leave to amend. (*See* Dkt. No. 14.)

Whether to grant leave to amend rests in the sound discretion of the Court. *See Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). That discretion is guided by the strong policy of deciding cases on the merits and allowing amendments with "extreme liberality." *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotations omitted); *see* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires.").[3] But if a proposed amendment cannot withstand a motion to dismiss, the Court may deny the request and dismiss the case. *See Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646 (9th Cir. 1984). Such instances include when the Court lacks subject matter jurisdiction and/or the complaint fails to allege sufficient facts to state a plausible claim for relief, or the complaint is legally deficient. Fed. R. Civ. P. 12(b)(1), (6); *see Thornhill Publ'g Co. v. General Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (describing Rule 12(b)(6)'s plausibility requirements); *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (same);

---

[3] Moreover, the involvement of a *pro se* litigant warrants a liberal application of procedural requirements. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* pleadings are held to "less stringent standards than [those] drafted by lawyers"). Nevertheless, courts do not uncritically accept a *pro se* plaintiff's "unreasonable inferences" or legal conclusions cast as facts. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (same). To allow amendment in such instances would simply be futile. *See Klamath–Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

The original and proposed amended complaints are replete with conclusory allegations. (*See generally* Dkt. Nos. 1, 14-1.)[4] In addition, many of the claims asserted are not colorable. For example, the FDCPA does not apply to creditors—only debt collectors. *See* 15 U.S.C. § 1692k. And any UCC claim based on whether Wells Fargo was a proper holder in due course of the deed at issue is subsumed by Washington's Foreclosure Fairness Act, which clearly indicates that Wells Fargo was. *See* RCW 61.24.030(7)(a). Moreover, Plaintiff lacks standing to bring regulatory or criminal claims,[5] yet much of the legal verbiage in each complaint is taken up by just such alleged violations. (*See* Dkt. Nos. 1 at 6–7, 14-1 at 7–9.) Regardless, none of the claims asserted are plausibly pleaded.

Accordingly, the Court GRANTS Defendants' motion to dismiss (Dkt. No. 7) and DENIES Plaintiff's motion to amend (Dkt. No. 14). Plaintiff's complaint is DISMISSED with prejudice as further amendment would be futile.

DATED this 5th day of July 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[4] Although the Court must accept as true a complaint's well-pleaded facts, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez*, 487 F.3d at 1249 (internal quotes omitted).

[5] *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).